IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHAD E. ST. CLAIR, | ) |
| Plaintiff, | ) Civil Action No. 22-49 |
| v. | ) District Judge W. Scott Hardy |
| | ) Magistrate Judge Lisa Pupo Lenihan |
| FAYETTE COUNTY PRISON, PRIME CARE MEDICAL, JOHN LENKEY, *Warden of Fayette County Prison*, C.O. RUTHERFORD, C.O. AKERMAN, DR. RITA CAMACHO, RONALD DELEROSA, CAROL YOUNKIN *and* TERESA JANE DOE, | ) |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court is the Report and Recommendation ("R&R") (Docket No. 83) entered by Magistrate Judge Lisa Pupo Lenihan in this matter on June 15, 2023.[1] The R&R recommends that the Partial Motion to Dismiss Plaintiff's Amended Complaint ("Motion to Dismiss") (Docket No. 77), filed by Defendants Warden John Lenkey ("Warden Lenkey"), C.O. Rutherford ("Rutherford"), C.O. Akerman ("Akerman"), and Fayettte County Prison (collectively, "Defendants") on December 15, 2022, be granted in part and denied in part. (Docket No. 83 at 1, 16). Service of the R&R was made on Defendants electronically via the CM/ECF system, and they were informed that objections to same were due by June 29, 2023. (Docket No. 83). Service of the R&R was made on Plaintiff Chad E. St. Clair ("Plaintiff") via U.S. Mail, and he was informed that any objections to same were due by July 3, 2023. (*Id.*). Thereafter, neither Plaintiff nor Defendants filed any objections to the R&R.

---

[1] On June 15, 2023, the case was reassigned to this judicial officer. (Docket No. 84).

1

The Federal Rules of Civil Procedure provide that a party may file specific written objections to the proposed findings and recommendations of a magistrate judge, and a district judge must conduct a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(2), (3); 28 U.S.C. § 636(b)(1).  Here, however, because neither Plaintiff nor Defendants filed any objections to the R&R, which explicitly stated that failure to file timely objections "will constitute a waiver of any appellate rights" (Docket No. 83 at 16), we review the magistrate judge's decision for plain error.  *See Brightwell v. Lehman*, 637 F.3d 187, 193 (3d Cir. 2011) (citing *Nara v. Frank,* 488 F.3d 187, 194 (3d Cir. 2007)); *see also* Fed. R. Civ. P. 72(b) advisory committee note to 1983 Addition ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Ct. for N.D. Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879 (1974))).

In this case, upon careful review of the R&R, Defendants' Motion to Dismiss and brief in support, Plaintiff's response in opposition, and the entire record, the Court, finding no plain error on the face of the record, will accept Judge Lenihan's recommendation.  As such, the Court will adopt the R&R as the Opinion of the Court and will grant in part and deny in part Defendants' Motion to Dismiss as set forth more fully therein.  In so ruling, the Court agrees with Judge Lenihan's determination that:  (1)  the motion should be granted as it relates to Plaintiff's claims for injunctive relief, punitive damages against the individuals in their official capacities, procedural due process against Warden Lenkey, and negligence against Warden Lenkey, as well as the claims against Fayette County Prison; (2) the motion should be denied as it relates to Plaintiff's Eighth Amendment claim for deliberate indifference to serious medical needs against Akerman, Rutherford, and Warden Lenkey, the Fourteenth Amendment claim against Warden

Lenkey for violation of equal protection, the failure to train/supervise claim against Warden Lenkey, and the negligence claim against Rutherford and Akerman; (3) the Eighth Amendment claim for excessive force against Akerman and Rutherford remains; (4) the claim for punitive damages against the individual Defendants in their personal capacities remains; and (5) Fayette County Prison should be dismissed as a Defendant.  (Docket No. 83 at 1-2, 16).

As Judge Lenihan correctly observed in the R&R, Plaintiff has alleged facts to suggest that Rutherford and Akerman were deliberately indifferent to Plaintiff's serious medical needs, and that Warden Lenkey would have had actual knowledge or reason to believe that Plaintiff was not being treated or that he was being mistreated, so Defendants' Motion to Dismiss should be denied as it relates to Plaintiff's Eighth Amendment claim for deliberate indifference to medical needs.  (Docket No. 83 at 7-10).  The Court also agrees with Judge Lenihan that Plaintiff has alleged sufficient facts to state a plausible equal protection/class of one claim, so Defendants' Motion to Dismiss should be denied as it relates to that issue.  (*Id.* at 10-11).  The Court agrees that, although a close question, Plaintiff's failure to train/supervise claim against Warden Lenkey should be permitted to go into discovery, so Defendants' Motion to Dismiss should be denied as it relates to such claim.  (*Id.* at 11-13).  The Court further agrees with Judge Lenihan's conclusion that Plaintiff does not have a constitutional right to a prison grievance system, so Defendants' Motion to Dismiss as it relates to Plaintiff's procedural due process claim against Warden Lenkey should be granted and any attempt to amend would be futile.  (*Id.* at 13).  The Court also agrees that Fayette County Prison is not a proper party as a matter of law, so to the extent Defendants' motion seeks the dismissal of Fayette County Prison as a party, the motion should be granted and Fayette County Prison should be dismissed from the case with prejudice.  (*Id.*).  The Court agrees that, because Plaintiff has alleged actions that would constitute willful misconduct by Akerman and Rutherford

but not by Warden Lenkey, Defendants' Motion to Dismiss Plaintiff's negligence claim should be granted as to Warden Lenkey but denied as to Rutherford and Akerman. (*Id.* at 13-14). The Court also agrees that Plaintiff's request for injunctive relief fails as a matter of law, so the motion should be granted as to that claim and any attempt to amend would be futile. (*Id.* at 14-15). Additionally, the Court agrees that, since Plaintiff's claim for punitive damages against the individual Defendants in their official capacities fails as a matter of law, Defendants' motion should be granted as to such claim and any attempt to amend would be futile, but the motion should be denied as to Plaintiff's claim for punitive damages against the individual Defendants in their personal capacities. (*Id.* at 15-16). For these reasons, as set forth more fully in the R&R, Defendants' Motion to Dismiss will be granted in part and denied in part.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 9th day of August, 2023,

IT IS HEREBY ORDERED that the R&R (Docket No. 83) is ADOPTED as the Opinion of the Court.

For the reasons set forth in the R&R, IT IS FURTHER ORDERED that Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint (Docket No. 77) is **granted in part and denied in part** as follows:

(1) The motion is **granted** as it relates to Plaintiff's claims for injunctive relief, punitive damages against the individual Defendants in their official capacities, procedural due process against Warden Lenkey, and negligence against Warden Lenkey, as well as the claims against Fayette County Prison; and, accordingly, all such claims are **dismissed with prejudice**, except the negligence claim against Warden Lenkey is **dismissed**

**without prejudice** to amendment of the Amended Complaint with sufficient facts to state such a claim;

(2) The motion is **denied** as it relates to the Eighth Amendment claim for deliberate indifference to serious medical needs against Akerman, Rutherford, and Warden Lenkey, the Fourteenth Amendment claim against Warden Lenkey for violation of equal protection, the failure to train/supervise claim against Warden Lenkey, and the negligence claim against Rutherford and Akerman;

(3) The Eighth Amendment claim for excessive force against Akerman and Rutherford remains;

(4) The motion is denied to the extent that it relates to Plaintiff's claim for punitive damages against the individual Defendants in their personal capacities, so such claim remains; and

(5) Fayette County Prison is **dismissed with prejudice** as a Defendant in this case.

                                              */s/ W. Scott Hardy*
                                              W. Scott Hardy
                                              United States District Judge

cc/ecf:        All counsel of record

                Chad E. St. Clair (via U.S. Mail)